IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEVI ARTHUR FEDD, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| WARDEN HOLT; et al., | :: | CIVIL ACTION NO. |
|    Defendants. | :: | 1:16-CV-0713-RWS-RGV |

**NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff Levi Arthur Fedd, presently confined in the Phillips State Prison in Buford, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 7]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening of the amended complaint, [Doc. 6],[1] and for consideration of plaintiff's motion for a preliminary injunction, [Doc. 4]. For the reasons that follow, it is **RECOMMENDED** that plaintiff's claims against Warden Holt and Officers Sullivan and Wilson concerning the allegedly smoky, moldy condition of his cell be allowed to proceed, but that all of his remaining claims be

---

[1] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

**DISMISSED** for failure to state a claim. It is further **RECOMMENDED** that plaintiff's motion for a preliminary injunction, [Doc. 4], be **DENIED**.

## I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must

2
AO 72A
(Rev.8/82)

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff's amended complaint is somewhat illegible and partly indecipherable. [Doc. 6]. However, it appears that plaintiff brings this action against Warden Holt; Officers Wilson, Sullivan, J. J. Harris, May, Barry and Aivliechi; and Pilgrim. [Id. at 1, 3, 5]. Plaintiff complains that smoke and mold in his unventilated cell have caused him to suffer shortness of breath, swelling, dizziness, a sore throat, vomiting, chest

3

pain, and nervousness and potentially could cause more serious symptoms.[2]  [Id. at 4, 6-7, 11-12, 17].  Plaintiff states that Warden Holt and Officers Sullivan and Wilson have not responded to his complaints and grievances concerning the mold in his cell.  [Id. at 4, 6, 11, 13].  Plaintiff has also filed a similar motion seeking preliminary injunctive relief.  [Doc. 4].

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  Plaintiff fails to state a claim against defendants Harris, May, Barry, Aivliechi, and Pilgrim because he does not allege any facts connecting those defendants with the allegedly smoky, moldy condition of his cell.  See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)

---

[2] To the extent that plaintiff intended to raise any other claims, his allegations are largely indecipherable and too conclusory to state a constitutional violation.  See Ashcroft, 556 U.S. at 681-84; Bell Atl. Corp., 550 U.S. at 555; Papasan, 478 U.S. at 286; Beck, 953 F.2d at 1276.  Moreover, plaintiff may not brings claims that are unrelated to his complaints concerning his smoky, moldy cell in this action.  See Bolick v. Fagan, No. 5:15-CV-211-CAR-MSH, 2015 WL 3952861, at *2 (M.D. Ga. June 29, 2015) ("A plaintiff may set forth only related claims in one civil rights complaint[, and] may not join unrelated claims and various defendants . . .").

("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted).

"The due process clause accords pretrial detainees rights not enjoyed by convicted inmates. While a sentenced inmate may be punished in any fashion not cruel and unusual, the due process clause forbids punishment of a person awaiting trial but not yet adjudged guilty of any crime." Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (citation omitted). To state a constitutional jail-conditions claim, the plaintiff must allege: (1) jail conditions that are "sufficiently serious" and (2) that the defendant jail official knew of and disregarded an excessive risk to plaintiff's health or safety. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004) (stating, "Negligence does not suffice to satisfy this standard"). Plaintiff's allegations, which must be accepted as true at this stage of the proceedings, that he has suffered shortness of breath, swelling, dizziness, a sore throat, vomiting, and chest pain due to the smoky, moldy condition of his cell and that Warden Holt and Officers Sullivan and Wilson were aware of both the situation and plaintiff's symptoms but have done nothing to remedy the problem sufficiently states a plausible claim to withstand frivolity review. See Smith v. Leonard, 244 F. App'x 583, 584 (5th Cir. 2007) (per curiam) (concluding that prisoner's allegations that defendant's failure to remove toxic mold from

5

prisoner's cell amounted to gross negligence and caused prisoner to suffer "headaches, sinus problems, trouble breathing, blurred vision, irritated eyes, and fatigue" sufficiently stated Eighth Amendment claim to withstand frivolity review); Meadows v. Fulton Cnty. Jail, No. 1:08-CV-0744-TWT, 2008 WL 818055, at *2, n.1 (N.D. Ga. Mar. 25, 2008) (noting that "persons sensitive to molds may experience things such as nasal stuffiness or throat irritation, persons with mold allergies may experience more severe reactions, and persons who are immune-compromised or have chronic lung illnesses could experience a serious lung infection").

However, in order to obtain preliminary injunctive relief, plaintiff must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." United States v. Alabama, 691 F.3d 1269, 1281 (11th Cir. 2012) (citation omitted). "'[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." Wall v. Ferrero, 142 F. App'x 405, 407 (11th Cir. 2005) (citation omitted). Plaintiff's allegations, while sufficient to withstand frivolity review, do not

6

satisfy this higher burden for obtaining an injunction. Plaintiff has not shown that he is substantially likely to succeed on the merits. See Sawyer v. Cole, No. 3:10-cv-00088-RCJ-WGC, 2012 WL 6210039, at *3 (D. Nev. Dec. 12, 2012) (granting summary judgment to defendants where inmate "provide[d] no evidence of his alleged medical ailments or evidence that any ailments were linked to mold or fungus, . . . [his] medical records d[id] not indicate any such ailments[,]" and "the inspection reports [did not] indicate mold or fungus problems"); Glover v. Haynes, No. CV 211-114, 2012 WL 1202170, at *2 (S.D. Ga. Apr. 10, 2012) (granting summary judgment to defendant where plaintiff presented no evidence to show that his medical problems were actually caused by the mold in his cell). Additionally, although plaintiff's allegations show that he is presently suffering symptoms from mold, they do not show a likelihood of irreparable injury. See Johnson v. Beard, No. 3:CV-09-886, 2014 WL 4793905, at *7 (M.D. Pa. Sept. 24, 2014) (granting summary judgment to defendants where plaintiff did not present "any facts alleging a substantial risk of serious harm" and noting that "[a] perceived risk of future medical issues about mold exposure is likewise insufficient" to support an Eighth Amendment claim); Jordan v. Franks, No. CV 410-164, 2010 WL 4007641, at *2 (Aug. 30, 2010) ("Absent some showing that [the] mold [in plaintiff's cell] is indeed toxic and that he is exposed to sufficient

7

quantities such that continued exposure may lead to serious future harm, his future health claim fails."), report and recommendation adopted, 2010 WL 4007637, at *1 (S.D. Ga. Oct. 12, 2010). Accordingly, plaintiff's motion for a preliminary injunction, [Doc. 4], is due to be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's claims against Warden Holt and Officers Sullivan and Wilson concerning the allegedly smoky, moldy conditions of his cell be allowed to proceed, but that all of his remaining claims be **DISMISSED** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a preliminary injunction, [Doc. 4], be **DENIED**.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**SO RECOMMENDED**, this 4th day of May, 2016.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE